# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL COLEMAN, #B-08725 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-cv-360-DRH |
| ) | |
| MARCUS HARDY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Stateville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his July 15, 1999, conviction for five counts of first degree murder for which he is serving a life sentence. After two trial proceedings, Petitioner was convicted by the Madison County circuit court in Edwardsville, Illinois. Petitioner appealed the conviction to the Illinois appellate court, alleging that he was deprived of a fair trial because improper evidence of prior bad acts was introduced. This appeal was denied on February 6, 2002. Petitioner then appealed to the Illinois supreme court, but his appeal was denied on May 30, 2002. Thereafter petitioner filed a post-conviction petition with the Madison County circuit court alleging abuse of discretion, ineffective

assistance of counsel, and prosecutorial misconduct. This petition was denied on January 29, 2007. Petitioner attempted to appeal this decision, but was denied on November 25, 2009. He once again brought his claim to the Illinois supreme court, who denied the appeal on March 24, 2010. Petitioner then filed the current action in federal court in the Northern District of Illinois on January 31, 2011. It was then determined that the Southern District of Illinois was the correct venue for this action, and on May 2, 2011 this case was transferred to this Court (Doc. 10). It is this transferred action that is currently before the Court.

In his petition currently before the Court, petitioner makes claims for prosecutorial misconduct, in that the State knowingly allowed Alfred Lumpkins, a witness, to perjure himself on the witness stand when he stated that he only had five prior convictions, when he in fact had nine convictions, and who also stated that he did not know Assistant State's Attorney Jensen, when Jensen had prosecuted Lumpkins for an earlier crime. Petitioner further alleges prosecutorial misconduct for knowingly using the testimony of witness Artis Murray, whose statements conflicted with statements that had been stipulated to by the State and petitioner; violations of petitioner's constitutional right to confront witnesses, in that the testimony of three witnesses (Robert Lockett, Michael Lockett, and Alfred Lumpkins) were obtained without petitioner having a chance to confront these witnesses; ineffective assistance of counsel where trial counsel failed to impeach Christopher Fulton, a witness who gave statements at a later proceeding that were inconsistent with earlier statements; failure by trial counsel to impeach Michael Lockett, Robert

Lockett, and Alfred Lumpkins, witnesses who presented evidence against petitioner; failure by trial counsel to object to the State's use of prior bad acts as evidence; ineffective assistance of appellate counsel where counsel did not file any issues in her brief regarding trial errors, and where counsel failed to supplement the appellate record with petitioner's supplemental petition; and conflict of interest, where Judge Hackett presided over petitioner's second trial proceeding, when he was a state's attorney for petitioner's first trial proceeding.

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such

notice may result in dismissal of this action. See FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 13, 2011

David R. Herndon
2011.05.13
23:20:36 -05'00'

**Chief Judge
United States District Court**